UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: ALAMO MECHANICAL, LLC          Case No. 18-51706 KMS
        Debtor-In-Possession                       Chapter 11 Proceeding

## MOTION TO DISMISS CHAPTER 11 PROCEEDING

COMES NOW Ken E. Blanchard, by and through undersigned counsel, pursuant to 11 U.S.C. § 1112(b) and Fed. R. Bankr. P. 1017, and files this Motion to Dismiss in the above-styled cause and, in support thereof, would show the following:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 1112. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

2. On August 31, 2018, Keith Ladner, acting without authority, filed a Chapter 11 petition for relief on behalf of Alamo Mechanical, LLC. The Debtor is currently acting as debtor-in-possession.

3. With some exceptions, with proper notice and hearing, "the Court shall convert a case under [Chapter 11] to a case under Chapter 7 or dismiss a case under [Chapter 11], whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under 1104(a) of a trustee or examiner is in the best interest of the creditors and the estate." 11 U.S.C. 1112(b)(1).

4. Pursuant to §1112(b), grounds for cause exist to dismiss this proceeding. These grounds include, but are not limited to the following:

     a. Judicial dissolution of the entity; and

     b. Absence of a reasonable likelihood of rehabilitation.

5. The filing Debtor has demonstrated bad faith in this case by filing a petition for relief literally a day after the Chancery Court Judge judicially dissolved Alamo Mechanical, LLC and held Keith Ladner in contempt and sanctioned him for repeated violations of Chancery Court orders. Examples of his bad faith are delineated in the Order of the Chancery Court, attached here as an exhibit to this motion. The Debtor seeks to subvert the ruling of the Chancery Court judge in violation of *Rooker-Feldman Doctrine* by trying to reorganize an entity that has been judicially dissolved due to malfeasance by one of the members. Furthermore, the Debtor seeks to continue to deny Ken E. Blanchard the relief as set out in the ruling from Chancery Court of Hancock County, Mississippi.

6. Most courts have expressly interpreted 11 U.S.C. §1112 to include dismissal of a chapter 11 case due to "the lack of good faith in its filing." *See, e.g., In re Humble Place Joint Venture,* 936 F.2d 814, 816-17 (5th Cir. 1991). Other courts have held that "an implicit prerequisite to the right to file [a chapter 11 petition] is good faith on the part of the debtor, the absence of which may constitute cause for dismissal...." *Carolin Corp. v. Miller,* 886 F.2d 693, 698 (4th Cir. 1989) (*citing In re Winshall Settlor's Trust,* 758 F.2d 1136, 1137 (6th Cir. 1985)).

7. The Southern District of Mississippi has defined "bad faith" as simply the opposite of "good faith," generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. The term "bad faith" is not just bad judgment or negligence, rather implying the conscious doing of a wrong because of dishonest purpose

or moral obliquity; it is different from the negative idea of negligence in that it contemplates a state of mind affirmatively operating with furtive design or ill will. *Stath v. Williams* [174] Ind.App. [369] 367 N.E.2d 1120, 1124 [ (1977) ]. Black's Law Dictionary (6th ed. 1990). *In re Siegfried*, 219 B.R. at 584.

8. The ruling from the Chancery Court of Hancock County, Mississippi, delineates Ladner's continual misleading and deceptive actions that demonstrate his history of bad faith that continues into the filing of the instant action which warrants dismissal of the bankruptcy.

9. The Movant reserves the right to provide additional grounds for cause to dismiss this case at any hearing on this matter.

WHEREFORE, PREMISES CONSIDERED the Movant prays that his Motion to Dismiss will be granted. The Movant prays for general relief.

RESPECTFULLY SUBMITTED this the 10th day of September, 2018.

Ken E. Blanchard, Movant, by

/s/*Donald W. Medley*
Donald W. Medley

## CERTIFICATE OF SERVICE

      I, Donald W. Medley, do hereby certify that I have this day served, either by the *Notice of Electronic Filing* or mailed, postage prepaid, by First Class U. S. Mail, a true and correct copy of the above and foregoing *Motion to Dismiss* to the following named individuals, parties, and/or entities on this the 10th day of September, 2018.

                                        /s/*Donald W. Medley*
                                        Donald W. Medley

Acting U. S. Trustee
USTPRegion05.JA.ECF@usdoj.gov

William J. Little, Jr., Esq.
W. Jarrett Little, Esq.
Attorney for Debtor
jarrett@lentzlittle.com
bill@lentzlittle.com